Filed: 7/19/2023 11:56 AM
Michael Gould
District Clerk
Collin County, Texas
By Katrina Shelby Deputy
Envelope ID: 77671417

CAUSE NO. 471-03740-2023

Exhibit 1A

| | | |
|---|---|---|
| CHAD CHAFFIN AND KRISTIN CHAFFIN<br>    Plaintiffs | §<br>§<br>§ | IN THE DISTRICT COURT |
| V. | §<br>§ | NO. _____ |
| AMERICAN VAN LINES, INC<br>    Defendant | §<br>§<br>§ | COLLIN COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE COURT:

Plaintiffs Chad Chaffin and Kristin Chaffin files this, their original petition and, in support thereof, would show as follows:

### I.   INTRODUCTION

Plaintiffs complain of American Van Lines, Inc. and for cause of action shows:

### II.   SELECTION OF DISCOVERY LEVEL

2.2   The Plaintiffs affirmatively plead that they seek monetary relief in an amount within the jurisdictional limits of this Court.

2.3   The Plaintiffs affirmatively plead that discovery should be conducted under a Level Two Discovery Control Plan.

### III.   PARTIES

3.2   Plaintiffs are individual residents of the State of Texas that may be served at 4005 Sanders Drive, Celina, Texas 75009.

3.3   Defendant American Van Lines, Inc. is a Florida Corporation that may be served with process by their registered agent, Anthony Di Sorbo, at 1351 NW 22nd Street, Pompano Beach, Florida 33069

### IV.   VENUE

4.1   Venue is proper in Tarrant County because all or a substantial part of the events or omissions giving rise to the claim occurred in Tarrant County, Texas. Despite the Defendant being a Delaware corporation, the Defendant conducts all of its business in Tarrant County, Texas.

### V.   STATEMENT OF FACTS

5.1   Plaintiffs hired defendant to pack out and move Plaintiffs' belongings from Illinois to Plaintiff's new home at 4005 Sanders Drive, Celina, Texas 75009.  The binding estimate executed by Plaintiffs included a $1,353.00 charge for packing and a $5,248.08 fee for storage of Plaintiffs' belongings.  The home Plaintiffs' were moving from was a 4,200 square foot house, which necessitated multiple pack and load days.  The pack and load dates were set to be August 29, 2021 through August 31, 2021.

5.2   Defendant did not show on August 29, 2021 or August 30, 2021.  Concerned that there would not be enough time to pack and load everything, Plaintiffs began packing some of their items themselves.  On August 31, 2021, Defendant showed up with only one truck and two movers, which was far less than what was required.  The Defendant's movers ended up having to call for additional help from third parties, including friends and family members of the movers themselves.  However, the number of movers and the one truck was insufficient and some of Plaintiffs' items were left behind at their old house because they could not fit on the truck.

5.3   Due to Defendant's rush, Plaintiffs' items were not packed in boxes correctly, and the boxes and other times were not put in the moving van correctly.  Items were improperly wrapped and moving blankets were not used.  A number of Plainitffs' personal belongings were damaged; not only smaller items that were packed in boxes, but furniture as well.

5.4     Additionally, Defendant stored Plaintiffs' belongings during the move, and some of these stored items were misplaced or lost by Defendant.

5.6     Finally, when Defendant moved Plaintiffs' belongings into their new home, they failed to use drop cloths or related materials when moving the heavier pieces of furniture and damaged the hardwood floors and stairs.  The damage was pointed out to the movers on the day of the move, which the movers acknowledged.  Plaintiffs refused to sign off on the move.

5.5     In this suit, Plaintiffs seek reimbursement for the property that was lost and/or damaged by Defendant. They further seek damages for the damage done to their new property, together with pre- and post-judgment interest, court costs, and attorney's fees.

## VI.    CAUSES OF ACTION FOR BREACH OF CONTRACT, CONVERSION, TEXAS THEFT LIABILITY ACT, AND NEGLIGENCE

6.1     Conversion is the "unauthorized and wrongful assumption and exercise of dominion and control over the personal property of another, to the exclusion of or inconsistent with the owner's rights." *Lawyers Title Co. v. J.G. Cooper Dev., Inc.*, 424 S.W.3d 713, 718 (Tex. App.—Dallas 2014, pet. denied) (citing *Wells Fargo Bank Nw., N.A. v. RPK Capital SVI, L.L.C.*, 360 S.W.2d 444, 447 (Tex. 1971))). To establish a claim for conversion, a plaintiff must prove that:

1. The plaintiff owned or had possession of the property or entitlement to possession;
2. The defendant unlawfully and without authorization assumed and exercised control over the property to the exclusion of, or inconsistent with, the plaintiff's rights as an owner;
3. The plaintiff demanded return of the property; and
4. The defendant refused to return the property

*Id.* The plaintiff also must establish it was injured by the conversion. *United Mobile Networks, L.P. v. Deaton*, 939 S.W.2d 146, 147 (Tex. 1994).

6.2     The elements of breach of contract are existence of contract, breach of the contract, damages, and causation.

6.3     In this case, the Defendant converted the Plaintiffs' property when agents working for the employer lost or misplaced the items. When the Plaintiffs demanded that the items be returned or the value of the items paid, the Defendant refused or ignored the Plaintiffs.

6.4     In this case, the Defendant breached the moving services contract by breaching the warranty of good and workmanlike service. The Defendant breached the contract further by losing or misplacing the Plaintiffs' property.

6.5     Plaintiff further seeks recovery of attorney's fees together with costs, pre- and post-judgment interest, and such other and further relief to which the Plaintiff may be justly entitled.

6.6     The Defendant negligently handled the moving services and negligently entrusted workers with the Plaintiffs' items.  Defendant failed send any workers for the first two days of the scheduled pack out and move and only sent two on the last day.  Thus, the loss of the Plaintiff's items was reasonably foreseeable to the Defendant due to its negligence in failing to allow for the proper time and the negligent entrustment of those workers with the Plaintiff's items. The Defendant was also negligent in the handling of the move.

## VII.   CONDITIONS PRECEDENT

7.1     Plaintiff alleges that all conditions precedent have been performed or have occurred.

## VIII.   REQUEST FOR DISCLOSURES

8.1     Plaintiff requests disclosures from the Defendants as per T.R.C.P. 194.

## IX.   DISCOVERY NOTICE

9.1   Plaintiff gives notice of intent to use at trial any discovery produced by the Defendants in connection with this case.

## X.   EXEMPLARY DAMAGES

10.1   The conversion was committed with malice and intent to cause serious damages to the Plaintiff. It was an intentional, wrongful act committed in the course and scope of employment. Punitive damages for such conduct are sought hereby.

## XI.   PRAYER

11.1   WHEREFORE, PREMESIS CONSIDERED, Plaintiff requests monetary judgment against the Defendants in an amount within the jurisdictional limits of this Court together with pre- and post-judgment interest, attorney's fees, statutory damages, special and consequential damages, court and other costs, and such other and further relief to which the Plaintiff may show itself to be justly entitled.

Respectfully submitted,

Ghrist Law Firm PLLC

____/s/ Richard Ramsey____
By: Richard Ramsey
State Bar of Texas Number 24048751
4016 Gateway Dr., Suite 130
Colleyville, Texas 76034
Phone (817) 778-4136
Fax (817) 900-2863
richard@ghristlaw.com
Attorney for the Plaintiff